DIAZ, Circuit Judge,
dissenting in part:
I join Parts I — III of the majority opinion. But because our precedent squarely forecloses sustaining a general award of compensatory damages when a theory of liability has been dismissed postverdict, I dissent from the majority’s ruling in Part IV. I would instead vacate the jury’s damages award and remand the case for a limited trial on damages.
I.
A.
As the majority forthrightly recognizes, long-standing Supreme Court precedent dictates that a general verdict be overturned when one theory of liability is dismissed. Sunkist Growers, Inc. v. Winckler & Smith Citrus Prods. Co., 370 U.S. 19, 30, 82 S.Ct. 1130, 8 L.Ed.2d 305 (1962). In such a case, the jury finds the defendant generally liable but does not specify which of the multiple claims submitted to it supports the liability determination. Because a general verdict “ ‘prevents us from perceiving upon which plea [the jury] found’ ” the defendant liable, we are required to nullify the verdict if just one of the potential grounds for liability is overturned. Id. (quoting Maryland v. Baldwin, 112 U.S. 490, 493, 5 S.Ct. 278, 28 L.Ed. 822 (1884)); see also Flowers v. Tandy Corp., 773 F.2d 585, 591 (4th Cir.1985) (“[B]ecause of the impossibility of knowing but what the jury’s verdict rested on the legally erroneous theory, such a general verdict may not stand as the basis for judgment.”).
Even when dismissal of a claim does not jeopardize the jury’s liability verdict, it might call into question the damages award. We confronted just this situation in Barber v. Whirlpool Corp., 34 F.3d 1268 (4th Cir.1994). There, two claims were submitted to the jury, which found the defendant liable on each count. Id. at 1271, 1278. The jury awarded the plaintiff $75,000 in actual damages and $125,000 in punitive damages, but it did not apportion the amounts on a per-claim basis. Id. On appeal, we dismissed one of the successful claims for insufficient evidence. Id. at 1276. We then vacated the damages award, accepting the defendant’s argument that the general award could not stand after dismissal of one of the two claims. Id. at 1278.
Turning first to the award of actual damages, we noted that “the liability verdict need not be disturbed because the verdict form made it clear that the jury found [the defendant] liable for both [claims].” Id. Concluding next that the award of actual damages could not stand, we rejected the plaintiffs argument — one strikingly similar to that advanced by Alpha. The plaintiff maintained that we could sustain the damages verdict as long as a single upheld finding of liability supported the entire damages award. Id. We cursorily rejected this position as a blatant contravention of Supreme Court precedent. “[W]e must apply the Flowers rule,” we wrote, “and vacate the damages award.” Id.
We next considered whether we could uphold the award of punitive damages in light of our postverdict dismissal of a theory of liability. Under South Carolina law, which governed the dispute, punitive damages were permissibly awarded where the *316 defendant’s conduct was willful, wanton, or reckless. Id. The jury’s general verdict precluded us from determining on which claim it based its award of punitive damages. Id. at 1279. Because substantial evidence did not support one of the two claims submitted to the jury and the verdict was ambiguous, we also vacated the punitive-damages award. Id.
Seizing on the sufficiency-of-the-evidence language from Barber, we upheld a general award of punitive damages in the face of postverdict dismissal of a claim in Johnson v. Wal-Mart Stores, Inc., 178 F.3d 1284, 1999 WL 314660 (4th Cir.1999) (per curiam) (unpublished table decision). The jury in Johnson found for the plaintiff on two of the three claims submitted to it, awarding $19,280 in actual damages and $38,000 in punitive damages, the latter of which were not apportioned on a per-claim basis. Id. at *2. In a post-trial motion, the district court dismissed one of the two successful claims, reasoning that failure to do so could lead to an impermissible double recovery for actual damages under state law. Id. at *3-4. On appeal, we rejected the defendant’s argument that the punitive-damages award must be set aside, reasoning that “the district court’s entry of judgment as a matter of law in favor of [the defendant] on [the plaintiffs] slander claim created no ambiguity in the jury’s award of punitive damages.” Id. at *4. While not disturbing Barber’s analysis of general awards of actual damages, we limited its mandate in the punitive-damages domain to cases in which a claim dismissed post-verdict is “infirm due to insufficient evidence.” Id. Because sufficient evidence supported the only dismissed theory of liability in Johnson, we affirmed the punitive-damages award. Id.
B.
Viewing this case through the prism of Barber, I am unable to conclude that the general damages award may stand. Rather, a straightforward application of the rule announced in that decision compels vacating the award.
I note first that the principles enunciated in Sunkist do not require us to overturn the verdict as to liability. Unlike the general verdict entered by the jury in Sunkist, the jury here enumerated a separate finding of liability for each of the five claims submitted to it. Even taking into account that only two of the counts submitted to the jury are actionable — those for violation of the Copyright Act and state-law conversion — we need not disturb the liability verdict. See Barber, 34 F.3d at 1278.
The damages award, however, does not fare so well under our precedent. Proper disposition of the case begins and ends with Barber. In that case, we rejected an argument identical to that advanced by Alpha. Even if an upheld theory of liability supports the general damages award in full, we reasoned that we must nevertheless vacate the award when another claim is dismissed postverdict. Id. In this case, the district court dismissed Alpha’s registered-trademark claim post-verdict for insufficient evidence. It moreover dismissed Alpha’s unregistered-trademark claim as to nine of eleven marks, also for lack of evidence. The damages award consequentially may not stand under a faithful reading of Barber.
Nothing in our subsequent decisions calls into question Barber’s treatment of general damages awards, at least where— as here — an award of punitive damages is not at issue. Our decision in Johnson drew on language from Barber to conclude that a general punitive-damages award may stand even when a claim is dismissed postverdict, so long as at least one upheld theory of liability supports the award and the dismissed claim was not defective for *317 insufficient evidence. Johnson, 1999 WL 314660, at *4. Distinguishing a general award of compensatory or actual damages from one of punitive damages makes sense, given the comparatively loosey-goosey nature of determining the proper amount of punitive damages. Where actual or compensatory damages must be tethered to the claims with some mathematical precision, a jury may — within constitutional limits — award punitive damages on a global basis based on standards that require little more than a subjective judgment as to what amount is sufficient to deter or punish the defendant for its conduct. It comes as no surprise, then, that dismissal of a single claim on grounds unrelated to the sufficiency of the evidence did not move the panel in Johnson to question the jury’s award of punitive damages where another viable claim remained and the evidence supporting the award was not impugned. The general damages award in this case, however, is entirely compensatory, so Johnson does not affect our analysis. Instead, Barber controls and requires that we vacate the award.
II.
To be sure, the majority’s approach to the damages issue holds a great deal of intuitive appeal. Its model vindicates the will of the jury while promoting judicial economy and the conservation of resources. Were we writing on a blank slate, I would enthusiastically embrace its analysis. Constrained as we are by our precedent, however, I must respectfully dissent from Part IV of the majority opinion.